RECEIVED
SDNY PRO SE OFFICE
2026 AUG 31 PM 4: 38

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x

**MARIE GISELE KAMANOU GOUNE,**

**Plaintiff,**

**v.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE**

**Defendant.**

---------------------------------------------------x

**Case No.:** ____________________

**COMPLAINT**

Plaintiff Marie Gisele Kamanou Goune, appearing pro se, alleges as follows:

**JURISDICTION AND VENUE**

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2), as this is a civil action between Plaintiff, a citizen and subject of the Republic of Cameroon domiciled in the State of New York, and Defendant Deutsche Bank National Trust Company, a citizen of the State of California under 28 U.S.C. § 1348 (main office located at 1999 Avenue of the Stars, Los Angeles, California), where the value of the property at issue — located at 23 Muir Place, New Rochelle, New York — exceeds $75,000, exclusive of interest and costs.

Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this action occurred in this District, and the real property at issue is located in this District.

## PARTIES

Plaintiff Marie Gisele Kamanou Goune is a Ph.D. Mathematician, with applied work focused in Computer Sciences and Systems Design; Development Economics and International Policy Formulation; and Biostatistics. She has served as an international civil servant stationed at the New York Headquarters duty station since 1989, and has owned her residence at 23 Muir Place, New Rochelle, New York since 2004.

Defendant Deutsche Bank National Trust Company is a national banking association organized under the laws of the United States, with its main office located in Los Angeles, California, sued herein in its capacity as Trustee.

## FACTUAL ALLEGATIONS

Plaintiff has owned and continuously resided at 23 Muir Place, New Rochelle, New York since 2004, except in 2016–2018, when she rented an apartment in New York City to be closer to a medical institution for prolonged treatment.

For approximately two years, Defendant Deutsche Bank National Trust Company has claimed standing to pursue a foreclosure action against Plaintiff in the Supreme Court of the State of New York, Westchester County, Index No. 58282/2024, without ever producing an unredacted original of the Note or establishing proof of ownership of the mortgage, and without performing identity verification at the inception of the case.

Defendant has repeatedly attempted to schedule a foreclosure sale of Plaintiff's property: That sequence proceeded as follows:

July 2026 — Defendant scheduled a foreclosure sale for August 31, 2026.

August 13, 2026 — Select Portfolio Servicing, Inc. ("SPS"), Defendant's loan servicer, sent Plaintiff a letter stating that the August 31 sale had been cancelled. No cancellation notice was filed on NYSCEF.

August 20, 2026 — At a hearing before Justice Marx, Defendant's counsel stated he had just taken the case, had filed his appearance at 1:42 AM that day, and was unfamiliar with the August 31 sale date. Counsel represented that the sale would be re-noticed for September 25, 2026, though no such re-notice had yet been filed.

August 25, 2026 — Defendant filed Doc. No. 99, a Notice of Sale again scheduling the sale for August 31, 2026, contradicting counsel's representation and SPS's cancellation letter.

Morning of August 27, 2026 — Defendant filed Doc. No. 100, a further Notice of Sale scheduling the sale for September 25, 2026. Doc. No. 100 made no reference to August 31, 2026.

Afternoon of August 27, 2026 — Without knowledge of Doc. No. 100, Plaintiff filed an emergency application (Doc. Nos. 101 and 102) seeking to stay the August 31, 2026 sale referenced in Doc. No. 99.

**CAUSE OF ACTION — Declaratory Judgment Under 28 U.S.C. § 2201 and Quiet Title**

Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

An actual, present controversy exists between the parties regarding Defendant's standing to foreclose upon the property located at 23 Muir Place, New Rochelle, New York, and regarding the identity of the proper party to the mortgage.

Defendant has pursued foreclosure proceedings against Plaintiff without establishing standing, including failing to prove ownership of the note and mortgage, failing to verify

the identity of the party against whom it proceeded, and failing to demonstrate entitlement to enforce the underlying debt.

Defendant's repeated, contradictory attempts to schedule a foreclosure sale — through Notices of Sale (Doc. Nos. 99 and 100) that conflict with each other and with representations made by Defendant's own counsel and servicer — compound the uncertainty as to Defendant's standing and create a cloud on Plaintiff's title.

The full scope of Defendant's conduct, and the damages resulting therefrom, cannot be determined until discovery has been conducted. Plaintiff seeks a judicial declaration that she is the legal owner of the property and that Defendant lacks standing to foreclose upon it. Plaintiff further seeks to quiet title to the property, removing any cloud on title arising from Defendant's failure to establish standing.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in Plaintiff's favor;
2. Declare that Plaintiff is the legal owner of 23 Muir Place, New Rochelle, New York;
3. Declare that Defendant lacks standing to foreclose upon the property;
4. Enter an order quieting title to the property; and
5. Award costs and such other and further relief as this Court deems just and proper.

Plaintiff reserves the right to seek damages upon completion of discovery.

Respectfully submitted,

MARIE GISELE KAMANOU GOUNE
Plaintiff, Pro Se
23 Muir Place, New Rochelle, NY 10801
914-912-5096 / gkgoune@gmail.com

Dated: August 31, 2026